Humberto M. Guizar, Esq., (SBN 125769)
E-mail: herito@aol.com
Kent M. Henderson Esq., (SBN 139530)
hendolaw@gmail.com
Angel Carrazco, Jr. (SBN 230845)
angel@carrazcolaw.com
GUIZAR, HENDERSON & CARRAZCO, L.L.P.
18301 Irvine Blvd. Tustin, CA 92780
Tel:  (714) 541-8600
Fax: (714) 541-8601

Attorneys for Plaintiffs
D.F., M.F., A.F., N.F., (Minors),
PANFILO FLORES, and YOLANDA FLORES

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.F., M.F., A.F., N.F., Minors, by and through their guardian ad litem RUBY PONCE, PANFILO FLORES, and YOLANDA FLORES<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF ANAHEIM, an entity; CITY OF ANAHEIM POLICE DEPARTMENT, an entity; LORENZO J. URIBE, an individual; and DOES 1 Through 10, Inclusive,<br><br>Defendants.<br>_____ | Case No:<br><br>**PLAINTIFFS' COMPLAINT FOR DAMAGES**<br><br>1. Violation of Civil Rights under Color of Law (42 USC § 1983);<br>2. Supervisorial Responsibility for Civil Violations (42 USC § 1983);<br>3. Municipal Liability;<br>4. Substantive Due Process (42 USC § 1983);<br>5. Deprivation of Civil Rights – Failure to Provide Medical Care (42 USC §1983);<br>6. Assault;<br>7. Battery;<br>8. Negligence; |

**[DEMAND FOR JURY TRIAL]**

**COME NOW** PLAINTIFFS, D.F., a minor, by and through his guardian ad litem RUBY PONCE, individually and as heir at law and successor in interest to

1

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

ADALID FLORES; M.F., a minor, by and through her guardian ad litem RUBY

PONCE, individually and as heir at law and successor in interest to ADALID

FLORES; A.F., a minor, by and through her guardian ad litem RUBY PONCE,

individually and as heir at law and successor in interest to ADALID FLORES;

N.F., a minor, by and through his guardian ad litem RUBY PONCE, individually

and as heir at law and successor in interest to ADALID FLORES; PANFILO

FLORES, an individual; and YOLANDA FLORES, an individual:

## INTRODUCTION

1.     This is an action for money damages brought pursuant to 42 U.S.C. §

1983, and the Fourth, Fifth and Fourteenth Amendments of the United States

Constitution and for Supplemental State Law Claims for Relief against Defendants,

CITY OF ANAHEIM, an entity; CITY OF ANAHEIM POLICE DEPARTMENT,

an entity; LORENZO J. URIBE, an individual; and DOES 1-10.  Jurisdiction is

founded on the basis of 28 U.S.C. §§1331 and 1343 and on the supplemental

jurisdiction of this Court to entertain claims arising under state law.  Venue is

proper in the Central District of California because the herein described incident

took place in the general location of North East Street and East Kenwood Avenue,

in the City of Anaheim, County of Orange, which is within the Central District.

2.     It is herein alleged that Defendant LORENZO J. URIBE (herein at

times URIBE), acting in their individual capacity, under color of law and in the

course and scope of their employment with Defendant City of Anaheim, Orange

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

County, and City of Anaheim Police Department (hereinafter at times "APD"), and other officers or individuals employed by Defendant CITY OF ANAHEIM (hereinafter at times "CITY") and APD, used unreasonable and/or excessive deadly force and shot and killed ADALID FLORES without legal cause or excuse, and made an unreasonable seizure of the person of ADALID FLORES, violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution, and deprived him of equal protection of the law and substantive due process of law under the Fifth Amendment.  It is also alleged herein that Defendants' actions violated state law and Plaintiff has supplemental state law claims.

## **JURISDICTION**

3.      Plaintiffs, D.F., a minor, by and through his guardian ad litem RUBY PONCE, individually and as heir at law and successor in interest to ADALID FLORES; M.F., a minor, by and through her guardian ad litem RUBY PONCE, individually and as heir at law and successor in interest to ADALID FLORES; A.F., a minor, by and through her guardian ad litem RUBY PONCE, individually and as heir at law and successor in interest to ADALID FLORES; N.F., a minor, by and through his guardian ad litem RUBY PONCE, individually and as heir at law and successor in interest to ADALID FLORES; PANFILO FLORES, an individual; and YOLANDA FLORES, an individual, assert claims for relief arising under, and for violations of, the following laws:

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

(a)    Federal Civil Rights Act under 42 U.S.C. §§ 1983, 1985, 1986, and 1988;

(b)    Monell v. Department of Social Services;

(c)    The Fourth Amendment of the United States Constitution;

(d)    The Fourteenth Amendment of the United States Constitution;

(e)    Equal Protection Clause and Due Process Clause of the Fifth Amendment of the United States Constitution.

4.    The jurisdiction of this court is, therefore, founded on Federal Question Jurisdiction pursuant to 28 U.S.C. §1331.

5.    This is an action to redress the deprivation under color of statute, ordinance, regulation, custom or usage of rights, privileges, and immunities secured to the plaintiffs by the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States (42 U.S.C. Section 1983) and arising under the law and statutes of the State of California.

6.    Jurisdiction is founded upon 28 U.S.C. Sections 1331 and 1343(3) and (4), this being an action authorized by law to redress the deprivation under color of law, statute, ordinance, regulation, custom and usage of rights, privileges, and immunities secured to a plaintiff by Fourth and Fourteenth Amendments to the Constitution of the United States.

7.    This court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

## **VENUE**

8.     Venue is proper in the Central District Court of California in that all injuries complained of herein were caused and suffered in Orange County, California, which is within the Central District as more fully set forth herein. Defendants are proper before this Court because "a substantial part of the events upon which this action is based occurred in this district."  28 U.S.C. §1891(a)(2) and §1343.  The shootings complained of herein occurred at the general location of North East Street and East Kenwood Avenue, in the City of Anaheim, which is in Orange County.

## **PARTIES**

9.     The decedent, ADALID FLORES was a resident of Orange County during all times relevant hereto.  At the time of his death, on November 19, 2016, ADALID FLORES was a single father of four children.

10.     Plaintiff D.F. is the minor natural son of ADALID FLORES.  He is entitled, pursuant to Section 377.30 and 377.60 of the California Code of Civil Procedure to bring, by and through his guardian ad litem, RUBY PONCE, and maintain the present action for himself individually and as heir at law and successor in interest to the estate of ADALID FLORES, including those for violation of decedent's civil rights and for the state law claims for relief enumerated herein.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

11.    Plaintiff M.F. is the minor natural daughter of ADALID FLORES. She is entitled, pursuant to Section 377.30 and 377.60 of the California Code of Civil Procedure to bring, by and through her guardian ad litem, RUBY PONCE, and maintain the present action for herself individually and as heir at law and successor in interest to the estate of ADALID FLORES, including those for violation of decedent's civil rights and for the state law claims for relief enumerated herein.

12.    Plaintiff A.F. is the minor natural son of ADALID FLORES.  He is entitled, pursuant to Section 377.30 and 377.60 of the California Code of Civil Procedure to bring, by and through his guardian ad litem, RUBY PONCE, and maintain the present action for himself individually and as heir at law and successor in interest to the estate of ADALID FLORES, including those for violation of decedent's civil rights and for the state law claims for relief enumerated herein.

13.    Plaintiff N.F. is the minor natural daughter of ADALID FLORES. She is entitled, pursuant to Section 377.30 and 377.60 of the California Code of Civil Procedure to bring, by and through her guardian ad litem, RUBY PONCE, and maintain the present action for herself individually and as heir at law and successor in interest to the estate of ADALID FLORES, including those for violation of decedent's civil rights and for the state law claims for relief enumerated herein.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

14.   Plaintiff PANFILO FLORES is the father of the decedent, who was dependent on the deceased for support, and is therefore entitled to maintain the present action for himself individually.  Plaintiff PANFILO FLORES also brings this action for interference of his familial relationship with his son, Decedent ADALID FLORES.

15.   Plaintiff YOLANDA FLORES is the mother of the decedent, who was dependent on the deceased for support, and is therefore entitled to maintain the present action for herself individually.  Plaintiff YOLANDA FLORES also brings this action for interference of her familial relationship with her son, Decedent ADALID FLORES.

16.   At all times mentioned herein, Defendant CITY OF ANAHEIM was and is a public entity, duly organized and existing under and by virtue of the laws of the State of California.

17.   At all times mentioned herein, the CITY OF ANAHEIM POLICE DEPARTMENT is, and was a public agency duly organized and existing under and by the laws of the State of California and/or was a department of Defendant CITY OF ANAHEIM.  Plaintiffs are informed and believe and thereon allege that Defendants CITY and APD were the employers of Defendant LORENZO J. URIBE and Defendants DOES 1-10.

18.   Plaintiffs are informed and believe, and thereon allege, that Defendant URIBE, is, and at all times herein mentioned was, duly appointed and acting as a

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

police officer for Defendants CITY and APD, and were at all material times acting under color of state law, and as the employees, agents and representatives of every other Defendant.  Defendant URIBE was acting under color of law and within the course and scope of their employment, including but not limited to under California Government Code Sections 815.2, 820 and 825, with Defendants CITY and APD on November 11, 2016, the date of the incident and Defendant CITY is legally responsible for all damages caused by the intentional and/or negligent and/or otherwise tortuous conduct of Defendant URIBE as alleged herein. Plaintiffs have timely presented a Government Claim under California law and are timely naming them as Defendants herein and suing them for damages under Federal and California state law as alleged herein.

19.    At all times mentioned herein, Defendant URIBE, an individual, was acting within the course and scope of their employment and under color of law as an officer, officer, sergeant, captain, commander, and/or civilian employee of the CITY OF ANAHEIM and CITY OF ANAHEIM POLICE DEPARTMENT, and each of them was authorized by the Defendant CITY and/or the Defendant APD to perform the duties and responsibilities of a sworn police officer of and for these Defendants, and all acts hereinafter complained of were performed by each of them within the course and scope of his duties as a police officer, officer and official. Defendant URIBE is sued herein in their individual capacity and in their official

capacity as a police officer, officer, sergeant, captain and/or as other employee of Defendants CITY and APD.

20.   At all times relevant hereto, Defendant URIBE and all DOE Defendants (DOES 1-10), and each of them, were acting within the course and scope of their employment and under color of law as officers, deputies, sergeants, captains, commanders, and/or civilian employees of Defendant APD, a department and/or a subdivision of Defendant CITY and at all times were acting with permission and consent of their co-Defendants.  Said Defendants, and each of them, were specifically authorized by Defendant CITY and/or APD to perform the duties and responsibilities of sworn police officers and/or deputies of and for the CITY, and all acts hereinafter complained of were performed by them within the course and scope of their duties as police officers, deputies and officials for said Defendant, and its police department, and are herein sued in their individual capacities and in their official capacities as police officers, deputies, sergeants, captains, commanders, supervisors, policy makers and/or as other employees of Defendant CITY and APD.  Said Defendants, and each of them, at all times relevant hereto, were acting under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, practices and usages of Defendant CITY, and/or APD.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

21.     Defendants CITY and/or APD encouraged, assisted, ratified and/or with deliberate indifference failed to prevent all of the herein acts and omissions of Defendants, and each of them.

22.     PLAINTIFFS are ignorant of the true names and capacities of Defendants sued herein as DOES 1-10, inclusive, and therefore sue these Defendants by such fictitious names.   PLAINTIFFS will amend this complaint to allege said Defendants' true names and capacities when such are ascertained. PLAINTIFFS are informed and believe and thereon allege, that each of the fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that PLAINTIFFS' damages as herein alleged were proximately caused by the acts and/or omissions of said fictitiously name Defendants.

23.     At all times relevant herein, Defendants DOES 1-10 were supervisors, employees and/or policy makers for Defendants CITY and/or APD, which employed unlawful, organized and illegal customs and practices of use of unreasonable and/or excessive force and false arrests which lacked probable cause. Said misconduct was encouraged, tolerated and condoned by Defendants, and each of them.

24.     At all times relevant to the present complaint, Defendants DOES 1-10, inclusive, were acting within their capacity as employees, agents, representatives and servants of Defendant CITY and/or APD which are liable under the doctrine of

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

*respondeat superior*, pursuant to Sections 815.2, 820 and 825 of the California Government Code, et al.

## **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

25. On or about November 19, 2016, at approximately 9:00 P.M., decedent ADALID FLORES was driving on the 91 freeway when he exited his vehicle and entered the vicinity of the neighborhood at the 1300 block of North East Street, Anaheim, California. Shortly after, Defendant LORENZO J. URIBE arrived on the scene at the 1300 Block of North East Street.

26. Defendant URIBE stopped and got out of his police vehicle and searched for Decedent ADALID FLORES.

27. Defendant URIBE allegedly confronted Decedent ADALID FLORES who came forth to surrender with his hands in the air.

28. As Decedent ADALID FLORES raised his hands in the air, Defendant URIBE then drew his firearm and opened fire upon Decedent ADALID FLORES in the front yard of a residence at 1322 North East Street, Anaheim, California.

29. Decedent ADALID FLORES was shot but remained alive and conscious for a period of time enduring pain and suffering.

30. At the time that he was shot and killed on November 19, 2016, Decedent ADALID FLORES was unarmed and Defendant URIBE lacked probable cause to make an arrest of his person, or to use deadly force against decedent

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

ADALID FLORES.

31.    From the time that the Defendant URIBE first saw ADALID FLORES on November 19, 2016, and until he shot and killed ADALID FLORES, minutes later, at no time during that relevant time period did ADALID FLORES present a risk of imminent deadly force to Defendant URIBE or anyone else present.

32.    ADALID FLORES died on November 19, 2016, as a direct result of being shot by Defendant URIBE, sustaining multiple lethal gunshot wounds on his body.

33.    At no time, prior to being shot and killed by Defendant URIBE, did Decedent ADALID FLORES present a risk of imminent deadly harm that would lead a reasonable officer to believe that his or her life was in danger or in threat of eminent harm.

34.    After the shooting, the officer delayed obtaining medical assistance for ADALID FLORES.

35.    At the time of the shooting, on November 19, 2016, Decedent ADALID FLORES presented no threat of serious bodily harm or death to Defendant URIBE, or anyone else that would justify the use of lethal deadly force. Defendant officer URIBE used unreasonable and/or excessive deadly force in shooting and killing ADALID FLORES on November 19, 2016.

36.    Plaintiffs are informed, believe and thereupon allege that ADALID FLORES died a short time after suffering great pain and anguish after he was shot

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

by Defendant URIBE.

37.  On November 19, 2016, at approximately 9:00 P.M., ADALID FLORES was not engaged in the commission of a crime and, under the United States Constitution and the cases interpreting it, had rights including a liberty interest to be free in one's person from unlawful search and seizure of one's person and a right to not have unreasonable and/or excessive force used against him.

38.  When Defendant URIBE engaged in the encounter of ADALID FLORES, and when he thereafter fired his weapon at ADALID FLORES, on November 19, 2016, he did not possess information that ADALID FLORES was engaged in the commission of a crime, and they had no reasonable suspicion of wrong doing, and there was no probable cause of the commission of a crime. Defendant URIBE, while acting under color of law, used unreasonable and/or excessive force in shooting and killing ADALID FLORES.

39.  Defendants URIBE and DOES 1-10, while acting within the course and scope of their employment with Defendant CITY OF ANAHEIM and the CITY OF ANAHEIM POLICE DEPARTMENT, detained, and arrested ADALID FLORES, which was a violation of his Fourth Amendment rights to be free from unreasonable searches and seizures as he had committed no crimes and there was no legal reason for him to be detained.

40.  On November 19, 2016, at approximately 9:00 P.M., in the 1300 Block of North East Street in Anaheim City, County of Orange California,

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

Defendant URIBE, while acting within the course and scope of their employment with Defendants CITY and APD, and under color of State law, used unreasonable and/or excessive force and shot and killed ADALID FLORES without probable cause, justification, or excuse.  At the time that Defendants URIBE shot and killed ADALID FLORES, he represented no threat to the officers' lives or to the lives of others.

41.    At the time the Defendant officer engaged in the encounter with ADALID FLORES, he was not engaged in any dangerous activity.  There was no justification for the use of unreasonable and/or excessive force in shooting and killing him within a couple of minutes from the initial encounter.  Without warning of any sort, Defendant URIBE, without reason, cause or justification, fired upon and killed ADALID FLORES. When ADALID FLORES was shot, he constituted no threat to the Defendant officers or others, and there was no legal cause or excuse to seize the person of ADALID FLORES.

42.    ADALID FLORES died as a direct result of the shooting by Defendant URIBE.

43.    ADALID FLORES sustained great pain, suffering and anguish after he was shot multiple times, and before he died.

44.    Defendant URIBE, discharged his firearm recklessly, intentionally, tortuously and/or, in the alternative, negligently, with the intent to kill and/or

commit serious bodily injury upon ADALID FLORES and to violate his civil rights.

45.    As a direct and proximate result of the aforementioned acts of Defendant URIBE, ADALID FLORES suffered the following injuries and damages which are recoverable by PLAINTIFFS under the Federal Civil Rights statutes identified herein:

(a)    Violation of his constitutional rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person and denial of Equal Protection and Due Process of Law.

(b)    Conscious physical pain, suffering, and emotional trauma.

(c)    Medical bills and expenses and future medical care costs and expenses.

(d)    Loss of income and lost earning capacity.

(e)    Attorneys' fees and costs pursuant to 42 U.S.C. Section 1988.

46.    In contacting, confronting and dealing with ADALID FLORES, the Defendants CITY, APD and Defendant URIBE, and DOES 1-10 employed flawed and substandard tactics.  Said tactics were intentional, negligent, reckless and/or otherwise tortious and resulted from the flawed, inadequate and substandard training provided by APD to its officers, deputies, supervisors and/or other employees regarding the handling of civilians encountered in the street.  Such

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

inadequate training left said individuals unprepared for handling such encounters and created a scenario where the subject officers, deputies, and/or other Defendants improperly used deadly force on November 19, 2016.

47.     The Plaintiffs herein filed governmental claims with the CITY pursuant to the requirements of California Government Code Section 800 *et seq.* More than 45 days have passed since the governmental claims were presented. Plaintiffs have satisfied all California Government Claim Requirements and the supplemental state law claims in this lawsuit are timely filed.

## FIRST CLAIM FOR RELIEF
## VIOLATION OF CIVIL RIGHTS UNDER COLOR OF LAW
### (42 U.S.C. §1983)
[By Plaintiffs against Defendants URIBE, and DOES 1-10]

48.     Plaintiffs hereby repeat, re-allege and incorporate each and every allegation of each and every paragraph above as though fully set forth herein.

49.     This action is brought pursuant to 42 U.S.C. §1983, and the Fourth, and Fourteenth Amendments of the United States Constitution, for violation of the procedural and substantive due process rights of ADALID FLORES.

50.     On November 19, 2016, Defendant URIBE, employee of Defendant CITY OF ANAHEIM and the CITY OF ANAHEIM POLICE DEPARTMENT, shot and killed ADALID FLORES in violation of 42 U.S.C. §1983 and in violation of the Fourth, and Fourteenth Amendments to the United States Constitution. Unreasonable and/or excessive force was used by Defendant URIBE to shoot and

kill ADALID FLORES.  In so acting, officer Defendant URIBE, acted under color of law in his or her individual capacity and as an employee of Defendant CITY and APD.  ADALID FLORES was shot and killed by said Defendants without justification, cause, or excuse in violation of 42 U.S.C. §1983.

51.    At said date and location, said Defendants had ample and reasonably sufficient time and opportunity to so intervene and prevent the shooting and were compelled to do so as peace officers under the laws of the State of California and under the Constitution of the United States of America.

52.    At said date and location, in deliberate indifference to the life, health and Constitutional rights of ADALID FLORES, said Defendants refrained from so intervening, in violation of 42 U.S.C. §§1985, 1986.

53.    As a result thereof, said Defendants unlawfully shot and killed ADALID FLORES in violation of his rights under the Fourth, and Fourteenth Amendments of the Constitution of the United States of America.

54.    The aforementioned acts of Defendant URIBE were malicious, willful, oppressive and despicable conduct as herein alleged and each of them acted with a conscious disregard of the rights of ADALID FLORES and with an intent to vex, injure or annoy ADALID FLORES such as to constitute oppression, fraud or malice.  The individual Defendant, and each of them, engaged in a conscious and willful disregard of safety and caused injuries and damages to ADALID FLORES.  Plaintiffs are therefore entitled to punitive damages in an

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

amount sufficient to punish and make an example of Defendant URIBE in order to promote greater safety and provide an incentive for Defendant URIBE, and others so situated to engage in safer practices.

55.   As a direct and proximate result of the aforementioned acts of Defendants, and each of them, ADALID FLORES suffered the following injuries and damages which are recoverable by PLAINTIFFS under the Federal Civil Rights statutes identified herein:

(a)   Violation of his constitutional rights under the Fourth, and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person and denial of Equal Protection and Due Process of Law.

(b)   Conscious physical pain, suffering, and emotional trauma.

(c)   Medical bills and expenses and future medical care costs and expenses.

(d)   Loss of income and lost earning capacity.

(e)   Attorneys' fees and costs pursuant to 42 U.S.C. Section 1988.

56.   As a direct and proximate result of said constitutional violations tortious acts, omissions or conduct of Defendant URIBE, and DOES 1-10, and each of them, Plaintiffs; D.F., M.F., A.F., N.F., PANFILO FLORES, and YOLANDA FLORES,  have each sustained and incurred, and are certain in the

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

future to sustain and incur losses, injuries, and damages which are itemized as follows:

(a)     Funeral and burial expenses of decedent ADALID FLORES in a sum to be determined according to proof.  Plaintiffs will request leave of Court to determine the total amount thereof, once the same has been ascertained; and

(b)     The value of Decedent ADALID FLORES' financial support to be determined according to proof;

(c)     All Plaintiffs have been deprived of the services, love, society, care, comfort, protection, companionship and affection of Decedent ADALID FLORES, who was, respectively, a loving and devoted son and father, all to Plaintiffs' loss and general damage in a sum in excess of the minimum jurisdictional limits of this Court.

## SECOND CLAIM FOR RELIEF
### SUPERVISORIAL RESPONSIBILITY FOR VIOLATIONS FOR THE FOURTH, AND FOURTEENTH AMENDMENT RIGHTS OF PLAINTIFF
[By Plaintiffs against All Defendants]

57.     Plaintiffs repeat, re-allege and incorporate each and every allegation of each and every paragraph above as though fully set forth herein.

58.     This action is brought pursuant to 42 U.S.C. §1983, for violation of decedent ADALID FLORES' rights under the Fourth, and Fourteenth Amendments of the U.S. Constitution.

59.   On the date of the shooting of plaintiff ADALID FLORES, on November 19, 2016, supervising officers Defendants DOES 1-10, sued herein in their official capacity, Defendant CITY OF ANAHEIM and the CITY OF ANAHEIM POLICE DEPARTMENT had supervisory authority over Defendant LORENZO J. URIBE.

60.   Plaintiffs are informed and believe and thereon allege that Defendants DOES 1-10 participated in, encouraged, condoned and ratified the conduct of Defendant URIBE, in approaching, contacting, seizing or attempting to seize, and shooting plaintiff ADALID FLORES.

61.   Defendants DOES 1-10, Defendants CITY and APD tolerated, encouraged and condoned the type of misconduct giving rise to the shooting of Plaintiff ADALID FLORES by consciously ignoring, turning a blind eye to and overlooking this type of misconduct within APD.

62.   Defendants DOES 1-10, Defendants CITY and APD encouraged and facilitated such conduct and deliberately and leniently overlooked and ratified the misconduct of Defendant URIBE by failing to discipline officers, approving false and misleading police reports authored by said officers, and failing to recommend the investigation and criminal prosecution of said officers for the misconduct, and in the present instance failing to supervise and control said Defendants, so as to prevent the misconduct alleged herein and by failing to train said subordinate

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

officers in the procedures, laws and practices that would eliminate the risk of the constitutional violations alleged herein.

63.    By consciously and deliberately overlooking the acts of misconduct and criminal acts by their subordinate officers, Defendants DOES 1-10, Defendants CITY and APD established a custom and practice of condoning and ratifying such misconduct and criminal activity, and established a tolerated pattern of constitutional violations amongst their subordinate officers.  The condoning of misconduct by Defendants DOES 1-10, CITY and APD was so comprehensive and well known that their subordinate officers were emboldened to blatantly violate the constitutional rights of any persons the subordinate officers came into contact with while on duty and to commit crimes and/or wrongdoing such as the above-mentioned acts and omissions with impunity.

64.    Through their conscious disregard for the rights of the persons their subordinates would come in contact with and through their custom and practice of encouraging, condoning, tolerating and ratifying constitutional violations and criminal activity by their subordinates, Defendants DOES 1-10, CITY and APD were deliberately indifferent to the constitutional violations being committed by their subordinates, including Defendants URIBE, and DOES 1-10.

65.    Defendant CITY is liable through application of *respondeat superior* pursuant to California Government Code §§ 815.2, 820 and 825 for the acts of its

employees named herein who at all times alleged herein were acting in the course and scope of their employment with said public entity.

66.    As a direct and proximate result of the aforementioned acts of Defendants, and each of them, ADALID FLORES suffered the following injuries and damages which are recoverable by PLAINTIFFS under the Federal Civil Rights statutes identified herein:

(a)    Violation of his constitutional rights under the Fourth, and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person and denial of Equal Protection and Due Process of Law.

(b)    Conscious physical pain, suffering, and emotional trauma.

(c)    Medical bills and expenses and future medical care costs and expenses.

(d)    Loss of income and lost earning capacity.

(e)    Attorneys' fees and costs pursuant to 42 U.S.C. Section 1988.

**THIRD CLAIM FOR RELIEF**
**MUNICIPAL LIABILITY FOR VIOLATION OF CONSTITUTIONAL RIGHTS**
[By all Plaintiffs against all Defendants]

67.    PLAINTIFFS hereby repeat re-allege and incorporate each and every allegation of each and every paragraph above as though fully set forth herein.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

68.     This action is brought pursuant to 42 U.S.C. §1983, for violation of Plaintiffs' rights under the Fourth, Fifth and Fourteenth Amendments of the U.S. Constitution.

69.     Plaintiff ADALID FLORES possessed the right, guaranteed by the Fourth, Fifth and Fourteenth Amendments of the United States Constitution, to be free from unreasonable seizures and unreasonable and/or excessive force by Defendant CITY OF ANAHEIM.

70.     On November 19, 2016, Defendant URIBE, acting within the course and scope of their duties as a peace officer and/or employee of Defendant CITY and the CITY OF ANAHEIM POLICE DEPARTMENT, deprived Plaintiff ADALID FLORES of his rights to be free from unreasonable seizures, unreasonable and/or excessive force, and searches, when said Defendants unreasonably and without justification shot Plaintiff ADALID FLORES. Additionally, Defendants DOES 1-10 violated Plaintiff ADALID FLORES' Civil Rights to be free from unlawful search, seizure, arrest and detention.

71.     At the time of the shooting of ADALID FLORES by Defendant URIBE, Defendant CITY had ratified, and implemented, policies, procedures, customs and practices of Defendant APD which permitted and encouraged their peace officers, employees and officials to unjustifiably, unreasonably violate the constitutional rights to the public that reside in the low-income communities of the CITY. Specifically, Defendants CITY and its Police Department, APD, have a

long and storied history of racism and unreasonable and/or excessive use of deadly force against unarmed and/or minority suspects.

72.     In 2012, Defendant APD, as the police department for Defendant CITY, and its officers were involved in several controversial shootings of minorities that sparked massive protests in Anaheim.  The protests reflect a deep racial division in Anaheim which is historically rooted between APD and minority communities.

73.     Plaintiffs are informed and believe, and thereon allege, that prior to the shooting of ADALID FLORES, the Defendant CITY was aware of problems of insubordination, unreasonable and/or excessive use of force, and an internal "code of silence" among APD officers.  The "code of silence," as it is colloquially known, is the understanding among police officers that misconduct, corruption, crimes, and the unreasonable and/or excessive use of force will not be reported through the chain of command.  The "code of silence" means that peace officers are expected to generate false reports and perjure themselves to cover up the use of unreasonable and/or excessive force and other misconduct by other officers.  The "code of silence" encourages officers to commit insubordinate acts, generate false reports, and use unreasonable and/or excessive or unreasonable force in an environment which condoned, ratified and enabled officer misconduct and use of unreasonable and/or excessive force.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

74.     Plaintiffs are informed and believe, and thereon allege, that based on the Defendant CITY's tolerance of rampant officer misconduct, as stated above, APD officers operate under a CITY custom and practice of falsifying police reports of officer-involved shootings, including the fabrication of claims that the victim was armed and presented a lethal threat to officers and the general public at the time of the shooting.

75.     Said policies, procedures, customs and practices also called for the Defendant CITY and its Police Department not to discipline, prosecute, or objectively and/or independently investigate or in any way deal with or respond to known incidents, complaints, of wrongful shootings by police officers of APD, or the related claims and lawsuits made as a result of such shootings.

76.     Said policies, procedures, customs and practices called for and lead to the refusal of Defendant CITY to investigate complaints of previous incidents of wrongful shootings and, instead, officially claim that such incidents were justified and proper.

77.     Said policies, procedures, customs and practices called for the refusal of Defendant CITY to conduct executive meetings within five days of such shootings to evaluate the shooting, prepare a plan to conceal any misconduct committed during such incidents, and to plan and conduct a campaign to conceal such misconduct.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

78.     Said policies, procedures, customs and practices called for CITY, by means of inaction and cover-up, to encourage its police officers to believe that improper shooting of unarmed suspects, including members of minority groups, was permissible.  The concealment and cover up included writing false police reports and testifying falsely as to how the unreasonable and/or excessive force incident occurred.

79.     Said policies, procedures, customs and practices of Defendant CITY evidenced a deliberate indifference to the violations of the constitutional rights of ADALID FLORES. This indifference was manifested by the failure to change, correct, revoke, or rescind said policies, procedures, customs and practices in light of prior knowledge by Defendant CITY of indistinguishably similar incidents of unjustified and unreasonable Police shootings.

80.     Said policies, procedures, customs and practices of Defendant CITY evidenced a deliberate indifference to the violations of the constitutional rights of ADALID FLORES. This indifference was manifested by the failure to change, correct, revoke, or rescind said policies, procedures, customs and practices, and tactic and weapons training in light of prior knowledge by Defendant CITY of indistinguishably similar incidents.

81.     Deliberate indifference to the civil rights of minority groups and other victims of unreasonable and/or excessive force and Police officer-involved shootings was also evidenced by Defendant CITY ignoring of the history and

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

pattern of prior civil lawsuits alleging civil rights violations and the related payment of judgments to such individuals.

82.    Deliberate indifference is also evidenced by maintenance of an inadequate system of firearms discharges by APD which failed to identify instances of improper use of firearms, as well as by the failure of by said Defendant to adequately train and more closely supervise or retrain deputies who in fact improperly used such weapons.

83.    Other systemic deficiencies of CITY which indicated, and continue to indicate, a deliberate indifference to the violations of the civil rights by police officers of the CITY include:

(a)    preparation of investigative reports designed to vindicate the use of firearms, regardless of whether such use was justified;

(b)    preparation of investigative reports which uncritically rely solely on the word of police officers involved in the shooting incidents and which systematically fail to credit testimony by non-officer witnesses;

(c)    preparation of investigative reports which omit factual information and physical evidence which contradicts the accounts of the officers involved;

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

(d)     issuance of public statements exonerating deputies involved in

such incidents prior to the completion of investigations of the

shootings;

(e)     failure to objectively and independently review investigative

reports by responsible supervisors for accuracy or completeness

and acceptance of conclusions which are unwarranted by the

evidence of the shooting or which contradict such evidence; and,

(f)     failure to maintain centralized department-wide system for the

tracking and monitoring of the use of unreasonable and/or

excessive force, abuse of authority, and race-based misconduct by

individual police officers so as to identify those officers who

engage in a pattern of unreasonable and/or excessive force, abuse

of authority, and misconduct.

84.     The foregoing acts, omissions, and systemic deficiencies are policies

and customs of Defendant CITY caused the Defendant URIBE, and DOES 1-10 to

be unaware of the rules and laws governing permissible use of firearms and to

believe that firearms discharges are entirely within the discretion of the officer and

that improper discharges would not be objectively, thoroughly and properly

investigated, all with the foreseeable result Defendant URIBE would use deadly

force in situations where such force is neither necessary, reasonable nor legal,

thereby violating the civil rights of the citizens of this state.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

85.     As a result of the aforementioned acts, omissions, systematic deficiencies, policies, procedures, customs and practices of Defendant CITY, Defendant police officers URIBE, and DOES 1-10 wrongfully shot and killed ADALID FLORES, thereby causing the damages claimed herein.

86.     As a direct and proximate result of the aforementioned acts of Defendants, and each of them, ADALID FLORES suffered the following injuries and damages which are recoverable by PLAINTIFFS under the Federal Civil Rights statutes identified herein:

(a)     Violation of his constitutional rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person and denial of Equal Protection and Due Process of Law.

(b)     Conscious physical pain, suffering, and emotional trauma.

(c)     Medical bills and expenses and future medical care costs and expenses.

(d)     Loss of income and lost earning capacity.

(e)     Attorney's fees and costs pursuant to 42 U.S.C. Section 1988.

**FOURTH CLAIM FOR RELIEF**
**SUBSTANTIVE DUE PROCESS (42 U.S.C. §1983)**
[By Plaintiffs against Defendants URIBE, and DOES 1-10]

87.     Plaintiffs hereby repeat, re-allege and incorporate each and every allegation of each and every paragraph above as though fully set forth herein.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

88.   PLAINTIFFS had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiffs' familial relationship with Decedent ADALID FLORES.

89.   Decedent ADALID FLORES had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience.

90.   The aforementioned actions of Defendants LORENZO J. URIBE, and DOES 1-10, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of Decedent ADALID FLORES and Plaintiffs, and with purpose to harm unrelated to any legitimate law enforcement objective.

91.   As a direct and proximate result of these actions, Decedent ADALID FLORES was harmed, experienced pain and suffering, and died. Defendants URIBE, and DOES 1-10 thus violated the substantive due process rights of the Plaintiffs to be free from unwarranted interference with their familial relationship with Decedent ADALID FLORES.

92.   As a direct and proximate cause of the acts of Defendants URIBE, and DOES 1-10, Plaintiffs have suffered emotional distress, mental anguish, and pain.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of Decedent ADALID FLORES, and will continue to be so deprived for the remainder of their natural life.

93.     The conduct of Defendants URIBE, and DOES 1-10 was willful, wanton, malicious, and was done with reckless disregard for the rights and safety of Decedent ADALID FLORES and Plaintiffs, and therefore warrants the imposition of exemplary and punitive damages as to Defendants URIBE, and DOES 1-10.

94.     Defendants URIBE, and DOES 1-10 are each liable for Decedent ADALID FLORES' injuries, either because they engaged in the above conduct; because they were integral participants in the above conduct; or because they failed to intervene to prevent the above conduct.

95.     Each named Plaintiff in this complaint, individually brings this claim seeking survival and wrongful death damages. Plaintiffs also seek funeral and burial expenses and attorney's fees.

**FIFTH CLAIM FOR RELIEF**
**DEPRIVATION OF CIVIL RIGHTS – 42 USC §1983 –**
**FAILURE TO PROVIDE MEDICAL CARE**
[By Plaintiffs against Defendants LORENZO J. URIBE, and DOES 1-10]

96.     Plaintiffs' re-allege Paragraphs 1-95, as well as any subsequent Paragraphs contained in the Complaint, as if fully set forth herein.

97.     The denial of medical care by Defendants LORENZO J. URIBE, and DOES 1-10 deprived ADALID FLORES of his right to be secure in his person

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

against unreasonable searches and seizures as guaranteed to ADALID FLORES under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

98. As a result, ADALID FLORES suffered extreme pain and suffering and eventually suffered a loss of life and earning capacity. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of ADALID FLORES, and will continue to be so deprived for the remainder of their lives. Plaintiffs are also claiming funeral and burial expenses and a loss of financial support.

99. Defendants URIBE, and DOES 1-10 knew that failure to provide timely medical treatment to ADALID FLORES could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing ADALID FLORES great bodily harm and death.

100. The conduct of Defendants URIBE, and DOES 1-10 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of ADALID FLORES and therefore warrants the imposition of exemplary and punitive damages as to Defendants URIBE, and DOES 1-10.

101. Plaintiffs also seeks attorney fees under this claim.

## SIXTH CLAIM FOR RELIEF
### ASSAULT
[By all Plaintiffs against Defendant LORENZO J. URIBE]

102. Plaintiffs repeat, re-allege and incorporate each and every allegation of each and every paragraph above as though fully set forth herein.

103. Plaintiffs invoke the Supplemental Jurisdiction of this Court to hear this claim.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

104.   Defendants, and each of them, acted intending to cause harmful or offensive contact with ADALID FLORES.  Defendant LORENZO J. URIBE, and the other individual Defendants, performed the actions and inactions alleged herein in the course and scope of his or her employment as a Police Officer, and Defendant CITY OF ANAHEIM is responsible for the actions, inaction and damages caused by Defendant URIBE under *respondeat superior* including, but not limited to, under California Government Code Sections 815.2, 820 and 825.

105.   Plaintiff ADALID FLORES reasonably believed that he was about to be touched in a harmful and offensive manner by defendant URIBE.

106.   Plaintiff ADALID FLORES did not consent to unlawful and unconsented to touching by Defendant URIBE.

107.   Defendant URIBE'S conduct was a substantial factor in causing harm to ADALID FLORES in the form of an assault**.**

108.   Said assault was not consented to by ADALID FLORES, nor was Defendant URIBE'S infliction of serious bodily injury upon ADALID FLORES, which resulted in the death of ADALID FLORES, privileged or immunized by the laws of the State of California.

109.   Defendant URIBE acted willfully, knowingly, with reckless disregard, callous indifference and conscious disregard of safety, and purposely with the intent to deprive each Plaintiff of their rights and privileges, and did in fact violate the aforementioned rights and privileges, entitling Plaintiffs to exemplary and

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

punitive damages against the individual Defendant URIBE, and the other individual Defendants.

110.   As a direct and proximate result of said tortious and illegal acts and omissions of Defendants, and each of them, Plaintiff ADALID FLORES sustained and incurred, and is certain to sustain and incur in the future, losses, injuries and damages itemized as follows:

     (a)   Physical and mental pain and suffering;

     (b)   Damages to clothing, personal effects and other special damages;

     (c)   Medical expenses including future medical expenses;

     (d)   Lost earnings and lost earning capacity;

     (e)   Punitive and exemplary damages pursuant to California Civil Code Section 3294 against Defendant URIBE, and the other individual Defendants only, in an amount sufficient to punish and make an example of Defendant URIBE, and the other individual Defendants, in order to promote greater safety and provide an incentive for Defendant URIBE, and the other individual Defendants and others so situated to engage in safer practices.

## <u>SEVENTH  CLAIM FOR RELIEF</u>
**BATTERY**
[By Plaintiffs against Defendant LORENZO J. URIBE and DOES 1 Through 10]

111.   Plaintiffs repeat, re-allege and incorporate each and every allegation of each and every paragraph above as though fully set forth herein.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

112.   Plaintiffs invoke the Supplemental Jurisdiction of this Court to hear this claim.  Defendant LORENZO J. URIBE, and the other individual Defendants, performed the actions and inactions alleged herein in the course and scope of their employment as police officers and Defendant CITY OF ANAHEIM, as the employer, is responsible for the actions, inaction and damages caused by Defendant URIBE, pursuant to the doctrine of *respondeat superior*, including, but not limited to, under California Government Code Sections 815.2, 820 and 825.

113.   Defendant URIBE, touched ADALID FLORES with intent to harm ADALID FLORES, in that he physically discharged his weapon at his person and then shot and killed ADALID FLORES.

114.   ADALID FLORES did not consent to being shot multiple times.

115.   ADALID FLORES was harmed by the conduct of Defendants, and each of them, in that he was shot and killed by Defendant URIBE.

116.   Said Battery was not consented to by ADALID FLORES, nor was the Defendant URIBE's infliction of serious bodily injury upon ADALID FLORES privileged or immunized by the laws of the State of California.

117.   Each of the individual Defendants, including Defendant URIBE, acted willfully, knowingly, with reckless disregard, callous indifference and conscious disregard of safety, and purposely with the intent to deprive decedent ADALID FLORES of his rights and privileges, and did in fact violate the aforementioned rights and privileges of ADALID FLORES, entitling Plaintiffs to exemplary and

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

punitive damages against the individual Defendant, URIBE, and the other individual Defendants.

118.   As a direct and proximate result of said tortious and illegal acts and omissions of Defendants, and each of them, Plaintiffs have sustained and incurred, and are certain to sustain and incur in the future, losses, injuries and damages itemized as follows:

(a)   Physical and mental pain and suffering;

(b)   Damages to clothing, personal effects and other special damages;

(c)   Medical expenses including future medical expenses;

(d)   Lost earnings and lost earning capacity;

(e)   Punitive and exemplary damages pursuant to California <u>Civil Code</u> Section 3294 against Defendant URIBE, and the other individual Defendants only, in an amount sufficient to punish and make an example of Defendant URIBE, and the other individual Defendants, and each of them, in order to promote greater safety and provide an incentive for Defendant URIBE, and the other individual Defendants and others so situated to engage in safer practices.

## <u>EIGHTH CLAIM FOR RELIEF</u>
### NEGLIGENCE
[By Plaintiffs against All Defendants]

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

119.   Plaintiffs repeat, re-allege and incorporate each and every allegation of each and every paragraph above as though fully set forth herein.  Plaintiffs plead this claim of Negligence in the alternative to the Claims above (Claims 1 through 7 which plead intentional conduct).

120.   Plaintiffs invoke the Supplemental Jurisdiction of this Court to hear this claim.  Defendant LORENZO J. URIBE, and the other individual Defendants, performed the actions and inactions alleged herein in the course and scope of their employment as a Police Officer and Defendant CITY OF ANAHEIM is responsible for the actions, inaction and damages caused by Defendant URIBE, pursuant to the doctrine of *respondeat superior*, including, but not limited to, under California Government Code Sections 815.2, 820 and 825.

121.   Defendants and each of them, including Defendant URIBE, had a duty to not cause Plaintiff ADALID FLORES serious and severe personal injury.

122.   Defendants and each of them, including Defendant URIBE, breached their duty to not cause Plaintiff ADALID FLORES serious or severe personal injury by unjustifiably shooting ADALID FLORES multiple times, resulting in the death of ADALID FLORES.

123.   Defendants, and each of them, including Defendant URIBE, had a duty to act reasonably under the circumstances, and that either through breach of that duty, or in failing to follow appropriate procedures, Plaintiff ADALID

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

FLORES was shot and killed.  Defendant URIBE, and the other Defendants, were negligent in shooting ADALID FLORES.

124.   Defendants, and each of them, including Defendant URIBE, caused the death of ADALID FLORES by negligently shooting him multiple times.

125.   As a direct and proximate result of the breach of duty by Defendants, and each of them, ADALID FLORES was killed.

126.   As a direct and proximate result of said, negligent, tortious and illegal acts and omissions of Defendants, and each of them, Plaintiffs have sustained and incurred, and are certain to sustain and incur in the future, losses, injuries and damages itemized as follows:

   (a)   Physical and mental pain and suffering;

   (b)   Burial expenses.

   (c)   Damages to clothing, personal effects and other special damages;

   (d)   Medical expenses including future medical expenses;

   (e)   Lost earnings and lost earning capacity.

## **PRAYER**

WHEREFORE, Plaintiffs, D.F., M.F., A.F., N.F., PANFILO FLORES, and YOLANDA FLORES, and each of them, for each and every claim for relief stated above, demand the following relief, jointly and severally, against all the Defendants:

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

1.  Compensatory general and special damages in an amount in accordance with proof;

2.  Reasonable attorneys' fees and expenses of litigation, including those fees permitted by 42 U.S.C. § 1988; Attorney fees Awards Act of 1976, 42 U.S.C. section 1983 and California Civil Code Section 52;

3.  Punitive and exemplary damages pursuant to California Civil Code Section 3294 against Defendant LORENZO J. URIBE, and the other individual Defendants only;

4.  Costs of suit necessarily incurred herein;

5.  Prejudgment interest according to proof;

6.  Pre-Judgment and Post-Judgment interest; and

7.  Such other and further relief as the Court deems just and proper.


Dated: 07/07/17                **GUIZAR, HENDERSON & CARRAZCO, LLP**

By: ____/s/_____
HUMBERTO M. GUIZAR
KENT M. HENDERSON
ANGEL CARRAZCO, JR.
Attorneys for Plaintiffs

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

## JURY DEMAND

Trial by jury of all issues is demanded.


Dated: 07/07/17                    **GUIZAR, HENDERSON & CARRAZCO, LLP**

                                   By: _____/s/_____
                                   HUMBERTO M. GUIZAR
                                   KENT M. HENDERSON
                                   ANGEL CARRAZCO, JR.
                                   Attorneys for Plaintiffs

**PLAINTIFFS' COMPLAINT FOR DAMAGES**