# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.F., M.F., A.F., N.F., Minors, by and through their guardian ad litem, RUBY PONCE, PANFILO FLORES, and YOLANDA FLORES,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF ANAHEIM, an entity; CITY OF ANAEHIM POLICE DEPARTMENT, an entity; LORENZO J. URIBE, an individual; and does 1 Through 10, inclusive,<br><br>Defendants. | Case No.: SACV17-01194 AG (JCGx)<br><br>**PROTECTIVE ORDER COVERING ORANGE COUNTY DISTRICT ATTORNEY'S OFFICE INVESTIGATIVE REPORT** |

IT IS HEREBY ORDERED, following stipulation of counsel, as follows:

1. This action arises out of the shooting of Adelid Flores by Anaheim Police Department Officer Lorenzo Uribe on November 19, 2016. Following the shooting, the Orange County District Attorney's ("OCDA") office conducted an investigation into the shooting.

2. In or about June 2017, the OCDA completed its investigation report concerning the investigation into the officer involved shooting that is at issue in this lawsuit. This report contains numerous police reports, witness statements,

- 1 -

1 reports of evidence analysis prepared by the Orange County Crime Lab, medical records of decedent Adelid Flores, the criminal history index of the decedent, the body-worn camera footage of the involved officers, among other items (collectively, "OCDA Report"). The defendants and the Orange County District Attorney's Office maintain that the OCDA Report is protected by the official information privilege, law enforcement privilege, and various other privileges.

3. Following stipulation of the parties, the documents contained within the investigative file of the Orange County District Attorney's office (collectively defined in paragraph 1 as "Protected Documents") are governed by the following protective order:

## **PROPOSED PROTECTIVE ORDER**

The Protected Documents shall be subject to this Protective Order as follows.

1. All documents produced by the City of Anaheim that compromise the Protected Documents will be clearly designated as "CONFIDENTIAL" and be placed in an envelope labeled as such prior to the disclosure. The "CONFIDENTIAL" designation shall be placed on the printed pages of the Protected Documents in a manner that does not overwrite or make illegible the text of the document.

2. Each person receiving any of the Protected Documents shall not disclose to any person or entity, in any manner, including orally, any of the Protected Documents or any of the information contained therein, except when used for purposes of this litigation pursuant to this protective order.

3. The Protected Documents and all information contained therein, may only be disclosed to the following "qualified" persons:

(a) Counsel of record for the parties to this civil litigation;

(b) Defendant City of Anaheim and its employees, including, but not limited to Officer Lorenzo Uribe;

1.     (c)    Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in subparagraph (a); and, investigators, expert witnesses and other persons legitimately involved in litigation-related activities for the counsel of record; and

    (d)    Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action.

    (e)    With the exception of the Court and court personnel (who are subject only to the Court's internal procedures regarding the handling of material filed or lodged, including material filed or lodged under seal), all persons receiving a copy of the Protected Documents shall, before receiving such protected information, be given a copy of this Protective Order and a compliance agreement (in the form attached hereto as Exhibit "A") and shall execute the compliance agreement, and return the original of the compliance agreement to the attorney who gives him/her the protected information. It shall be the responsibility of the respective attorneys to distribute compliance agreements, and then collect and maintain custody of the executed originals of the compliance agreements.

4.     To the extent any portion of the Protected Documents contains an audio recording, transcript and/or summary of a statement and/or report given to the OCDA by an independent witness who does not fall within one of the categories described in Paragraph 3 above, that selected portion of the Protected Documents may be provided to the particular witness to which it pertains.

5.     The Protected Documents may be disclosed to the Court and court personnel, in connection with this litigation. Portions of the Protected Documents that a party intends to use in support of or in opposition to a pre-trial filing with the Court must be filed in accordance with the Central District of California Local Rules relating to under seal filings, including Local Rule 79-5. Counsel intending to use documents from Protected Documents must both (a) apply to submit unredacted documents containing any portion of the Protected Documents under

1 seal and (b) file public versions of the same documents with the information from
2 the Protected Documents redacted.
3     6.    In the event this matter proceeds to trial, to the extent that any of the
4 Protected Documents are offered into evidence, those documents will become
5 public, unless sufficient cause is shown in advance of trial to proceed otherwise.
6     7.    The court reporter, videographer, and audiographer, if any, who
7 record all or part of any future deposition(s) in this matter, which include the
8 Protected Documents or descriptions thereof, shall be subject to this Order and
9 precluded from providing any portions of the original deposition videotape,
10 audiotape, or exhibits which relate to the Protected Documents or information to
11 any persons other than counsel of record, absent order of the court.
12     8.    Those attending any future deposition(s) shall be bound by this Order
13 and, therefore, shall not disclose to any person or entity, in any manner, including
14 orally, any documents from the Protected Documents made by such person during
15 the course of said depositions.
16     9.    At any future deposition(s), should there be persons in attendance
17 who are not authorized to access to the Protected Documents or information, such
18 persons shall be removed from the deposition room at any time information
19 relating to the Protected Documents or protected information is disclosed or
20 discussed.
21     10.    The Protected Documents shall be used solely in connection with the
22 preparation and trial of is action, entitled <u>D.F., et al. v. City of Anaheim, et al.</u>,
23 bearing case number SACV17-01194 AG (JCGx), or any related appellate
24 proceeding, and not for any other purpose, including, without limitation, any other
25 litigation or administrative proceedings or any investigation related thereto.
26     11.    This Order may not be modified unless by written consent of the
27 parties and approval of the Court.  Any party may move for a modification of this
28 Order at any time.  Upon receipt and review of the documents produced pursuant

1  to this protective order, any party may move to remove the confidential
2  designation of any document after meeting and conferring with opposing counsel
3  and pursuant to the procedures governing discovery motions set forth in Local
4  Rule 37.

5      12.  This Order is made for the purpose of ensuring that the Protected
6  Documents will remain confidential, unless otherwise ordered by the Court or in
7  response to a successful motion by a party made pursuant to Paragraph 11.

8      13.  At the conclusion of this litigation, upon request of defense counsel,
9  plaintiff's counsel shall return the Protected Documents to Jill Williams, Esq.,
10 Carpenter, Rothans & Dumont, 500 S. Grand Avenue, 19th Floor, Los Angeles,
11 California 90071.  Alternatively, the receiving parties and every other person
12 and/or entity who received originals or copies of the protected information may
13 destroy all such material and material derived therefrom within 30 calendar days
14 after the conclusion of this case.  Additionally, within thirty 30 calendar days after
15 the conclusion of this case, counsel for the receiving parties shall send a signed
16 declaration stating that such material has been destroyed pursuant to this Protective
17 Order.

18     14.  Nothing in this Order shall be construed as authorizing a party to
19 disobey a lawful subpoena issued in another action.

## **GOOD CAUSE**

21 The parties submit that GOOD CAUSE exists to enter the proposed
22 protective order to balance the defendants' and the OCDA's concerns that the
23 documents consist of police reports and private information concerning the parties
24 to this litigation, as well as individuals who are not parties to this litigation, as
25 protected by the official information privilege, law enforcement privilege and the
26 right to privacy, as protected by the California and United States Constitution, with
27 plaintiffs' right to discovery in this litigation.  The parties agree that all documents
28 marked confidential and produced pursuant to this protective order are subject to

the terms of this protective unless otherwise ordered by the Court.

IT IS SO ORDERED.

DATED: January 24, 2018

_____
Honorable Jay C. Gandhi
United States Magistrate Judge