# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.F., M.F., A.F., N.F., Minors, by and through their guardian ad litem, RUBY PONCE, PANFILO FLORES, and YOLANDA FLORES,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF ANAHEIM, an entity; CITY OF ANAEHIM POLICE DEPARTMENT, an entity; LORENZO J. URIBE, an individual; and does 1 Through 10, inclusive,<br><br>Defendants. | Case No.: SACV17-01194 AG (DFMx)<br><br>**PROTECTIVE ORDER COVERING PERSONNEL RECORDS FROM LONG BEACH POLICE DEPARTMENT** |

IT IS HEREBY ORDERED, following stipulation of counsel, as follows:

1. This action arises out of the shooting of Adelid Flores by Anaheim Police Department Officer Lorenzo Uribe on November 19, 2016.

2. During discovery in this case, the plaintiffs subpoenaed the personnel records of Officer Uribe from his former employer, the Long Beach Police Department. The defendants and the City of Long Beach moved to quash the subpoena. The motion was granted, in part, and certain categories of information were ordered produced, subject to a protective order. See 4/27/18 Order (Doc. 47).

- 1 -
PROTECTIVE ORDER COVERING PERSONNEL RECORDS FROM LONG BEACH POLICE DEPARTMENT

3. The following protective order governs the documents the City of Long Beach has been ordered to produce, hereinafter referred to as "Protected Documents".

## **PROTECTIVE ORDER**

The Protected Documents shall be subject to this Protective Order as follows.

1. All documents produced by the City of Long Beach that compromise the Protected Documents will be clearly designated as "CONFIDENTIAL" and be placed in an envelope labeled as such prior to the disclosure. The "CONFIDENTIAL" designation shall be placed on the printed pages of the Protected Documents in a manner that does not overwrite or make illegible the text of the document.

2. Each person receiving any of the Protected Documents shall not disclose to any person or entity, in any manner, including orally, any of the Protected Documents or any of the information contained therein, except when used for purposes of this litigation pursuant to this protective order.

3. The Protected Documents and all information contained therein, may only be disclosed to the following "qualified" persons:

(a) Counsel of record for the parties to this civil litigation;

(b) Defendant City of Anaheim and its employees, including, but not limited to Officer Lorenzo Uribe;

(c) Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in subparagraph (a); and, investigators, expert witnesses and other persons legitimately involved in litigation-related activities for the counsel of record; and

(d) Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action.

(e) With the exception of the Court and court personnel (who are subject

1 only to the Court's internal procedures regarding the handling of material filed or
2 lodged, including material filed or lodged under seal), all persons receiving a copy
3 of the Protected Documents shall, before receiving such protected information, be
4 given a copy of this Protective Order and a compliance agreement (in the form
5 attached hereto as Exhibit "A") and shall execute the compliance agreement, and
6 return the original of the compliance agreement to the attorney who gives him/her
7 the protected information. It shall be the responsibility of the respective attorneys
8 to distribute compliance agreements, and then collect and maintain custody of the
9 executed originals of the compliance agreements.

10     4. The Protected Documents may be disclosed to the Court and court
11 personnel, in connection with this litigation. Portions of the Protected Documents
12 that a party intends to use in support of or in opposition to a pre-trial filing with the
13 Court must be filed in accordance with the Central District of California Local
14 Rules relating to under seal filings, including Local Rule 79-5. Counsel intending
15 to use documents from Protected Documents must both (a) apply to submit
16 unredacted documents containing any portion of the Protected Documents under
17 seal and (b) file public versions of the same documents with the information from
18 the Protected Documents redacted.

19     5. In the event this matter proceeds to trial, to the extent that any of the
20 Protected Documents are offered into evidence, those documents will become
21 public, unless sufficient cause is shown in advance of trial to proceed otherwise.

22     6. The court reporter, videographer, and audiographer, if any, who
23 record all or part of any future deposition(s) in this matter, which include the
24 Protected Documents or descriptions thereof, shall be subject to this Order and
25 precluded from providing any portions of the original deposition videotape,
26 audiotape, or exhibits which relate to the Protected Documents or information to
27 any persons other than counsel of record, absent order of the court.

28     7. Those attending any future deposition(s) shall be bound by this Order

and, therefore, shall not disclose to any person or entity, in any manner, including orally, any documents from the Protected Documents made by such person during the course of said depositions.

8. At any future deposition(s), should there be persons in attendance who are not authorized to access to the Protected Documents or information, such persons shall be removed from the deposition room at any time information relating to the Protected Documents or protected information is disclosed or discussed.

9. The Protected Documents shall be used solely in connection with the preparation and trial of is action, entitled <u>D.F., et al. v. City of Anaheim, et al.</u>, bearing case number SACV17-01194 AG (DFMx), or any related appellate proceeding, and not for any other purpose, including, without limitation, any other litigation or administrative proceedings or any investigation related thereto.

10. This Order may not be modified unless by written consent of the parties and approval of the Court. Any party may move for a modification of this Order at any time. Upon receipt and review of the documents produced pursuant to this protective order, any party may move to remove the confidential designation of any document after meeting and conferring with opposing counsel and pursuant to the procedures governing discovery motions set forth in Local Rule 37.

11. This Order is made for the purpose of ensuring that the Protected Documents will remain confidential, unless otherwise ordered by the Court or in response to a successful motion by a party made pursuant to Paragraph 10.

12. At the conclusion of this litigation, upon request of defense counsel, plaintiffs' counsel shall return the Protected Documents to Jill Williams, Esq., Carpenter, Rothans & Dumont, 500 S. Grand Avenue, 19th Floor, Los Angeles, California 90071. Alternatively, the receiving parties and every other person and/or entity who received originals or copies of the protected information may

destroy all such material and material derived therefrom within 30 calendar days after the conclusion of this case. Additionally, within thirty 30 calendar days after the conclusion of this case, counsel for the receiving parties shall send a signed declaration stating that such material has been destroyed pursuant to this Protective Order.

13. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

## **GOOD CAUSE**

The parties submit that GOOD CAUSE exists to enter the proposed protective order to balance the defendants' and the City of Long Beach's concerns that the documents consist of police reports and private information concerning the parties to this litigation, as well as individuals who are not parties to this litigation, as protected by the official information privilege, law enforcement privilege and the right to privacy, as protected by the California and United States Constitution, with plaintiffs' right to discovery in this litigation. The parties agree that all documents marked confidential and produced pursuant to this protective order are subject to the terms of this protective unless otherwise ordered by the Court.

IT IS SO ORDERED.

DATED: May 01, 2018

_____
Honorable Douglas F. McCormick
United States District Court
Magistrate Judge